IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CHOYCE, ) | No. C 09-6078 JSW (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| SHERIFF DEPUTY J. CARSON, et al., ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

Plaintiff, an inmate in the Alameda County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that Defendant, a jail nurse, handed him medications in the form of pills that should have gone to another inmate. Plaintiff states that he attempted to give the medication back to Defendant, but she would not take it. Plaintiff alleges that another Defendant, a jail guard, was present. Plaintiff claims that this was deliberately indifferent to his safety and therefore violated his Eighth Amendment rights.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Such a claim has requirements: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834.

Neither negligence nor gross negligence will constitute deliberate indifference. See

1  Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994).  Rather, the standard for
2  criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to
3  inmate health or safety.  See Farmer, 511 U.S. at 837.  The official must both be aware of
4  facts from which the inference could be drawn that a substantial risk of serious harm
5  exists, and he must also draw the inference.  See id.  However, an Eighth Amendment
6  claimant need not show that a prison official acted or failed to act believing that harm
7  actually would befall an inmate; it is enough that the official acted or failed to act despite
8  his knowledge of a substantial risk of serious harm.  See id. at 842.

9  Even liberally construed, the facts alleged by Plaintiff do not suggest that
10 Defendant acted despite having knowledge of a risk of harm to Plaintiff.  The risk of
11 harm alleged is that Plaintiff might take medication that he does not need.  According to
12 the allegations in the declarations attached to the complaint, however, Plaintiff told
13 Defendant that the medication was not for him and that he would not take it.  Defendant
14 either did not believe Plaintiff, or did believe him but chose to ignore him, when she
15 refused to take the pills back from him.  If she did not believe Plaintiff, then Defendant
16 would have believed that the medication was in fact meant for him and therefore would
17 not have knowledge that there was any risk of harm to him.  If she did believe Plaintiff,
18 then she would have known that the pills were not for him, but she also would have
19 thought that he was not going to take them because that is what he told her.  Defendant's
20 giving Plaintiff medication that is not for him, while negligent and perhaps grossly
21 negligent, is not deliberately indifferent to a serious risk of harm where, as here, he had
22 told her that he was not going to take it.

23 Because the allegations in the complaint about Defendants' conduct, even
24 liberally construed, do not rise to the level of deliberate indifference, the complaint does
25 not state a cognizable claim under the Eighth Amendment.  Consequently, the complaint
26 will be dismissed.
27 //
28 //

|     |     |
| --- | --- |
| 1 | **CONCLUSION** |
| 2 | For the foregoing reasons, this action is DISMISSED for failure to state a |
| 3 | cognizable claim for relief. |
| 4 | The Clerk shall close the file and enter judgment in favor of Defendants. |
| 5 | IT IS SO ORDERED. |
| 6 | DATED: November 10, 2010 |
| 7 |  |
| 8 | JEFFREY S. WHITE<br>United States District Judge |

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN CHOYCE,

        Plaintiff,

  v.

SHERIFF MEDICAL STAFF et al,

        Defendant.

Case Number: CV09-06078 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Benjamin C. Choyce
T-95057
San Quentin Prison
San Quentin, CA 94974

Dated: November 10, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk